IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> TEVA PHARMACEUTICALS, INC., TEVA PHARMACEUTICALS USA, INC., and TEVA PHARMACEUTICAL INDUSTRIES LTD., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )     C.A. No. 25-928-GBW |

## STIPULATION REGARDING
## <u>TEVA PHARMACEUTICAL INDUSTRIES, LTD.</u>

This stipulation is made by and between Novartis Pharmaceuticals Corporation ("Plaintiff"); and Teva Pharmaceuticals, Inc. and Teva Pharmaceuticals USA, Inc. (collectively, "Teva").

WHEREAS Plaintiff filed suit against Teva and Teva Pharmaceutical Industries Ltd. ("Teva Ltd.") in the above-captioned case (the "Action," defined to include this action, any action that may result from case consolidation, or any lead case with which this action is associated);

WHEREAS Teva maintains that Teva Ltd. is not a proper defendant in the Action;

WHEREAS Plaintiff maintains that Teva Ltd. is a proper defendant in the Action; and

WHEREAS resolution of such disagreement by motion practice will consume time and expense that Plaintiff and the Teva Defendants wish to avoid by entering into this stipulation;

NOW THEREFORE Plaintiff and Teva, by and through their respective undersigned counsel in the Action, and subject to the approval of the Court, stipulate and agree as follows:

1. Teva Ltd. agrees to be bound by any judgment, order, injunction, or decision entered in this Action, or in any appeal thereof, as if it were named as defendant.

2. Teva Ltd. agrees that it will not contest personal jurisdiction in this Court solely for purposes of enforcing any such judgment, order, injunction, or decision, including the terms of this stipulation, against it in the Action.

3. Teva agrees that, to the extent Teva Ltd. has in its possession, custody, or control information or materials that, subject to Teva's objections, would be discoverable or responsive to discovery requests in the Action to the same extent were Teva Ltd. to remain a party to the Action, Teva will search for and provide such discovery, in response to discovery requests propounded on Teva by Plaintiff.  Subject to its objections, Teva agrees to produce such discovery in response to discovery requests served on Teva in the Action.

4. If the parties agree that a Teva Ltd. employee is a necessary fact witness, the witness will be made available for deposition upon notice to Teva at a location to be agreed upon by the parties.  Accordingly, there will be no need for (a) service of subpoenas; or (b) for witnesses located outside the United States, adherence to the procedures of the Hague Convention or other methods of foreign service.  If the parties disagree as to whether the Teva Ltd. employee is a necessary fact witness or disagree as to where the deposition will take place, then the parties shall present the matter to the Court for resolution.  If the Court orders that the deposition of the Teva Ltd. employee shall be taken, then the Teva Ltd. employee will be made available for deposition pursuant to the Court's order, without requiring Plaintiff to adhere to the procedures of the Hague Convention.  In the Action, Teva will also accept Rule 30(b)(6)

deposition notices containing topics directed to information that may be held by Teva Ltd., and, subject to Teva's objections, any witness presented in response thereto shall investigate information relevant to those topics in the possession, custody, or control of Teva Ltd., to the extent such information exists.

5. Teva and Teva Ltd. further agree to be bound by resolution of discovery matters in the Action.

6. This stipulation does not constitute a waiver of any objection or defense to, or any privilege or immunity from, the provision of discovery otherwise available to parties to an action under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other applicable authority.

7. Teva agrees that it will not contest personal jurisdiction for purposes of the Action and, as such, will not move to dismiss the Action on grounds that the United States District Court for the District of Delaware lacks jurisdiction over Teva for purposes of the Action.

8. Teva also agrees that it will not contest venue in the District of Delaware in the Action and, as such, will not move to change the venue of the Action. Teva further agrees that it will provide in the Action such discovery from Teva Ltd. as agreed to by them in paragraphs 3-5 above.

9. Plaintiff hereby dismisses without prejudice Teva Ltd. pursuant to Fed. R. Civ. P. 41(a)(2).

10. The terms of this stipulation are made without prejudice to the respective positions of Plaintiff and the Teva Defendants as to whether Teva Ltd. is a proper defendant in the Action. The terms of this stipulation also cannot be used by Plaintiff or the Teva Defendants to argue for or against jurisdiction or venue in the future.

11. The case caption for the Action should be amended to remove Teva Ltd.

12. None of the foregoing shall be interpreted to limit Plaintiff's rights to discovery of Teva.

| | |
|---|---|
| */s/ Alexandra M. Joyce* <br> Daniel M. Silver (No. 4578) <br> Alexandra M. Joyce (No. 6423) <br> MCCARTER & ENGLISH, LLP <br> Renaissance Centre <br> 405 N. King Street, 8th Floor <br> Wilmington, Delaware 19801 <br> (302) 984-6300 <br> dsilver@mccarter.com <br> ajoyce@mccarter.com <br> *Attorneys for Plaintiff Novartis Pharmaceuticals Corporation* | */s/ Karen E. Keller* <br> Karen E. Keller (No. 4489) <br> SHAW KELLER LLP <br> I.M. Pei Building <br> 1105 North Market Street, 12th Floor <br> Wilmington, DE 19801 <br> (302) 298-0700 <br> jshaw@shawkeller.com <br> kkeller@shawkeller.com <br> *Attorney for Defendants Teva Pharmaceuticals, Inc. and Teva Pharmaceuticals USA, Inc.* |

Dated: October 20, 2025

IT IS SO ORDERED this _____ day of _____, 2025.

_____
United States District Judge